■ CAROLINE FRANKLIN et al., Appellants, v. F. JACOBSON & SONS, INC., Respondent.  (And Five Other Actions.) — REYNOLDS, J.  Appeal from orders of the County Court, Albany County, dismissing appellants' complaints pursuant to CPLR 3211.  Respondent operated two plants, one in Albany and the other in Troy.  Respondent decided to close the Albany plant and agreed with the union representing its employees that the employees at the Albany plant who were not offered jobs at the Troy plant would according to a prearranged formula receive an amount designated as "severance pay", and that those who were offered employment at the Troy plant but declined to accept it would receive an amount calculated by another formula and designated as "vacation pay".  Appellants all were offered employment at the Troy plant but rejected it.  The respondent thereupon offered them the vacation pay prescribed by the union agreement, but the appellants insisted on an additional sum as severance pay.  This the respondent rejected and the instant lawsuits were commenced to recover this amount.  In the meantime the employer faced with the lawsuits that it felt might result in a double payment refused to pay the vacation pay and the union instituted arbitration proceedings.  While we have been apprised of no written indication as to what exact issues were posed to the arbitrator it is abundantly clear from his decision that he considered the issue of "vacation pay" and "severance pay": inseparable and therefore both before him and that his decision encompassed both claims.  The arbitrator's decision covering the same claims for which recovery is sought in the instant actions, the actions were, of course, properly dismissed.  Appellants, in fact, do not deny that the arbitrator also considered the severance pay aspect of the case and yet they have taken no appeal from the arbitrator's award on any grounds much less the ground advanced here that he exceeded his jurisdiction which remedy was clearly available to them pursuant to CPLR 7509 to 7511.  This obviously was the correct and only approach and the offer to reduce any eventual judgment by the amount awarded to them already on the claim by the arbitrator is, of course, no answer.  We find no merit in the additional contentions raised by the appellants and, accordingly, the orders appealed from should be affirmed. Orders affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.